```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

NELSON WAITS                                      CIVIL ACTION

VERSUS                                            NO: 07-7025

JEFFREY E. TRAVIS,                                SECTION: R(5)
WARDEN, RAYBRUN CORR. CTR.
```

### ORDER AND REASONS

Louisiana state prisoner Nelson Waits has filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. The state moves for summary judgement seeking dismissal of Waits's petition on the ground that he did not exhaust his state court remedies before filing his federal *habeas* petition. For the following reasons, the Court GRANTS the state's motion and DISMISSES Waits's petition WITHOUT PREJUDICE.

### I.  BACKGROUND

Petitioner Nelson Waits is a state prisoner currently serving a 15-year sentence at the Rayburn Correctional Center in

Angie, Louisiana, after having been convicted in December 2001 on state narcotics and theft charges. On April 30, 2007, the prison disciplinary board, after holding a hearing, found that Waits committed an aggravated sexual offense in violation of prison rule no. 21. Specifically, the board found that Waits exposed himself to, and masturbated in front of, a female correctional officer. As its reason for conviction, the board stated that it found the correctional officer's eyewitness account to be more credible than Waits's denial. To punish Waits for his conduct, the disciplinary board ordered that Waits be transferred to a "working cell block" and sentenced him to four weeks' cell confinement. Waits appealed the disciplinary board's decision to the warden, who denied Waits's appeal on June 14, 2007. Waits then filed an appeal with the Secretary for the Louisiana Department of Public Safety and Corrections. The Secretary denied his appeal on August 17, 2007.

On January 7, 2008, Waits filed his federal *habeas* petition under 28 U.S.C. § 2241.[1] Waits does not challenge the validity of his incarceration for his underlying felony convictions. Instead,

---

[1] Waits initially filed his federal *habeas* petition, along with a motion to proceed *in forma pauperis*, on October 3, 2007. The Magistrate Judge denied Waits's pauper motion because he had sufficient funds to pay the filing fee. Waits later paid the filing fee, and his federal *habeas* petition was deemed filed as of January 7, 2008.

he challenges the execution of his sentence, specifically his prison disciplinary conviction and the resulting change in his confinement status. Waits contends that there is no evidence to support the disciplinary board's finding that he violated prison rules and thus no justification for the change in his confinement condition. The state now moves for summary judgment on the ground that Waits has failed to exhaust his state court remedies.

**II.  DISCUSSION**

Under 28 U.S.C. § 2241(c)(3), a federal district court may issue a writ of *habeas corpus* for a state prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." Although § 2241 does not explicitly require a state prisoner to exhaust available state court remedies before seeking federal *habeas* relief, the Fifth Circuit has made clear that a prisoner seeking relief under § 2241 petitioner must first exhaust available state remedies before filing a federal *habeas* petition, just like a conventional *habeas* petition proceeding under 28 U.S.C. § 2254. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987). *See also Thomas v. Parker*, Civ. A. No. 07-3467, 2007 WL 3353235, at *1 (E.D. La. Nov. 7, 2007). The Fifth Circuit has explained that federal courts should abstain from exercising jurisdiction under

§ 2241 "when other state procedures are available to the petitioner." *Dickerson*, 816 F.2d at 225 (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Ex Parte Royall*, 117 U.S. 241, 250-54 (1886)). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id.*

Generally, a petitioner satisfies the exhaustion requirement only when he has first presented all grounds for relief raised in his § 2241 petition to the state's highest court in a procedurally proper manner. *See Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Louisiana law provides that an inmate may appeal an adverse prison disciplinary board decision to the Nineteenth Judicial District Court. *See* La. Rev. Stat. § 15:1177(A). A prisoner may appeal any decision by that court to the appropriate court of appeal. *See id.* § 15:1177(A)(10). *See also Singleton v. Wilkinson*, 959 So. 2d 969 (La. Ct. App. 2007) (reviewing judgment of Nineteenth Judicial District Court on prisoner's appeal of prison disciplinary board's decision). From there, the prisoner may file an application for a supervisory writ with the Louisiana Supreme Court. *See* La. Const. art. 5 § 5.

Here, there is no indication that Waits appealed the decision of the prison disciplinary board to any state court. The state has submitted uncontroverted evidence that Waits did not seek relief from any state court after the Secretary denied his administrative appeal. (*See* Weldon Aff., R. Doc. 9-6). Nor does Waits contend that he has appealed the disciplinary board's decision to any state court. On the contrary, the record shows that Waits initiated federal *habeas* proceedings after the Secretary rejected his appeal, completely bypassing state court appellate review. When a state prisoner files a § 2241 *habeas* petition challenging an administrative prison action without having exhausted available state court remedies, courts routinely dismiss such a petition without prejudice under the exhaustion doctrine to allow him to pursue a state remedy. *See, e.g., Scott v. Travis*, Civ. A. No. 07-4150, 2008 WL 161716, at *2 (E.D. La. Jan. 11, 2008); *Johnson v. Travis*, Civ. A. No. 07-3783, at *3-4 (E.D. La. Oct. 3, 2007); *Scott v. Louisiana Dep't of Public Safety & Corrections*, Civ. Ac. No. 06-2129, at *12 (E.D. La. Sept. 12, 2006). Because Waits has not exhausted available state court remedies, his § 2241 petition is not properly before the Court. Accordingly, the Court dismisses his petition without prejudice so that he may seek available relief in state court.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS the state's motion. IT IS HEREBY ORDERED that Waits's *habeas* petition is DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 27th day of March 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE